UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-21613-GAYLES
MAGISTRATE JUDGE REID

VEDRICK LAMONTE SYMONETTE,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.
_____/

**REPORT OF MAGISTRATE JUDGE**
**RE STATE HABEAS PETITION - 28 U.S.C. § 2554**

**I. Introduction**

The Petitioner, **Vedrick Lamonte Symonette**, has filed this *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of criminal charges filed against him in Miami-Dade County Circuit Court, Case No. F18022714. He challenges the legality of his arrest and asserts that he should be allowed to represent himself in state court. [ECF 1].

This cause has been referred to the undersigned for consideration and report, pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2019-02; and the Rules Governing

Habeas Corpus Petitions in the United States District Courts.

Because it is evident that the petition is premature, no order to show cause has been issued. *See* Rule 4, Rules Governing Section 2254 Proceedings. *See also Broadwater v. United States*, 292 F.3d 1302, 1303-04 (11th Cir. 2002).

## II. Procedural History

According to the docket, the state charged Petitioner with sexual battery and molestation on a child aged 12 to 17. [Miami-Dade Circuit Court Docket, Case No. F18022714].[1] On November 13, 2018, the state court conducted the first appearance and bond hearing. [*Id.* at DE#2]. Petitioner is represented by defense counsel. [*Id.* at DE#63]. Petitioner entered a plea of not guilty. [*Id.* at DE#6]. He proceeded to trial on June 12, 2019. [*Id.* at DE#124]. On June 13, 2019, the jury found him guilty and the state court entered a judgment of guilty on June 25, 2019. [*Id.* at DE# 126, 143]. On July 9, 2019, Petitioner filed a *pro se* motion for new trial, which remains pending. [*Id.* at 145].

On April 24, 2019, Petitioner came to this court filing the instant petition challenging the state court proceedings in case no. F18022714. [ECF 1].

## III. Discussion and Applicable Law

Since the Petitioner has not been convicted of the charged offenses, this case should be dismissed without prejudice.

---

[1] Copies of relevant state and appellate court records are being filed by separate court order and made part of this habeas petition proceedings.

This court lacks jurisdiction under principles of abstention to the extent that the relief the Petitioner seeks would interfere with the state court's judicial process or overturn a state court decision on the merits. *See Younger v. Harris*, 401 U.S. 37, 43 (1971); *see, e.g, Hollins v. Wessel*, 819 F.2d 1073, 1074 (11th Cir. 1987) ("The jurisdiction possessed by district courts is strictly original . . . and review of final judgments of a state court in judicial proceedings is reserved to the Supreme Court of the United States."). Thus, the principle of abstention requires this court to abstain from interfering with the Petitioner's ongoing state criminal proceedings.

Dismissal without prejudice is appropriate in this case. Review of the current record reveals that Petitioner was convicted on June 25, 2019 and he filed a *pro se* motion for new trial on July 9, 2019. At this point in his state court proceedings, his judgment of conviction is not final and, therefore, not ripe for federal attack by way of § 2254. The state trial court has not ruled on his motion for new trial and he has not yet filed a direct appeal.

While this federal petition, when filed, was timely, in order for any future federal petition not to be time-barred, Petitioner is advised that he must comply with the federal one-year statute of limitation requirement. *See* 28 U.S.C. § 2244(d)(1)-(2). For federal limitations purposes, Petitioner's conviction of the 2018 charges is not final. Therefore, the federal statute of limitations has not begun to run. Further, the statute of limitations is tolled while a properly filed application for state post-

conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

The Petitioner is, however, cautioned to be aware of the time limitation for any subsequent habeas corpus petition filed in this court. Although he has sufficient time to return to this court within the one-year limitations period after his state court remedies have been fully and properly exhausted on any and all claims he might want to raise after he is convicted and sentenced, he should do so expeditiously. *See* 28 U.S.C. § 2244(d).

In sum, the dismissal of the instant petition is warranted. *See Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1342 (11th Cir. 2007) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)). Absent a showing that state remedies are inadequate, such showing not having been demonstrated, Petitioner cannot now proceed in this court under 28 U.S.C. § 2254. *See Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972). Only after state postconviction proceedings are concluded in the state courts may Petitioner challenge his confinement in this court by way of a federal petition pursuant to 28 U.S.C. § 2254.

### IV. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying a petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell,* 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only

if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record, this court should deny a certificate of appealability. Notwithstanding, if petitioner does not agree, petitioner may bring this argument to the attention of the district judge in objections.

## V. Conclusion

It is therefore recommended that the instant habeas petition be DISMISSED without prejudice for lack of jurisdiction except as to any application of the federal statute of limitations or other federal procedural bar which may apply, and that the case be closed.

Objections to this report may be filed with the district court within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the district court judge of an issue

covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court judge, except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed on this 16th day of July, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc:     **Vedrick Lamonte Symonette**, *Pro Se*
          180169621
          Metro West Detention Center
          13850 NW 41 Street
          Miami, FL 33178

          Noticing 2254 SAG Miami-Dade/Monroe
          Email: CrimAppMIA@MyFloridaLegal.com